IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DUANE F. K. DAWSON,<br><br>Defendant. | Crim. No. 24-00089 MWJS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR ORDER DIRECTING THE BUREAU OF PRISONS TO PROVIDE THE DEFENDANT WITH UNRESTRICTED ACCESS TO NON-INTERNET COMPUTER OR LAPTOP TO REVIEW DISCOVERY AND ASSIST COUNSEL |

## INTRODUCTION

Defendant Duane F. K. Dawson has been detained pending trial, and he now moves for an order directing the Bureau of Prisons to provide him with "access to a laptop designated for his use only that he can use at any hours of his choosing in his cell." ECF No. 55, at PageID.231. Although his motion requests a computer or laptop "without Internet access," *id.* at PageID.228, Dawson separately requests some form of "access to the Internet," *id.* at PageID.235.

Given Dawson's constitutionally-promised right to assist in his own defense, a motion of this nature demands the court's careful attention. The current record does not, however, sufficiently justify the relief Dawson requests. The motion is therefore DENIED.

**BACKGROUND**

This federal criminal prosecution began on December 7, 2024, when Dawson was charged in a criminal complaint with drug trafficking and firearm offenses alleged to have been committed two days earlier. *See* ECF No. 1. Following a hearing before a U.S. Magistrate Judge, Dawson was ordered detained pending trial. ECF Nos. 7 to 8. Since then, he has been detained in the Federal Detention Center in Honolulu (FDC), which is a Bureau of Prisons facility.

An initial indictment was returned on December 19, 2024, which for the most part tracked the charges from the complaint. ECF No. 9. Trial on this indictment was scheduled to begin on February 18, 2025, but the court later granted the parties' joint request to continue the trial date to November 3, 2025. ECF Nos. 29, 34. As a result, trial is still over four months away.

A superseding indictment was returned on January 16, 2025. ECF No. 30. The first four counts remain the same as those in the initial indictment, and are focused on the alleged drug trafficking and firearm-related conduct from December 5, 2024. *Id.* at PageID.109-10. But the superseding indictment adds six new counts relating to alleged drug trafficking and firearm-related conduct from April 2024. *Id.* at PageID.111-14. Count 9, which was added in the superseding indictment, is especially consequential because it alleges a firearm-related offense that carries a mandatory minimum term of imprisonment of thirty years, which must run consecutively to any other term of

imprisonment.  *See id.* at PageID.113.  Other counts added in the superseding indictment also carry significant mandatory minimums, including terms of imprisonment that must run consecutively.  *See id.* at PageID.111-14.

Although the charges and their associated penalties are exceptionally serious, the charges themselves are not legally complex.  Consistent with that view, the case has not been declared complex under Criminal Local Rule 2.1(c).  And discovery in this case is not unusually voluminous.  The government represents that it "consists of approximately 1,300 images and 1,100 pages in total, much of which was provided several months ago."  ECF No. 65, at PageID.308.[1]

Against this backdrop, Dawson moves for access to a laptop that he could use in his own cell to review discovery and conduct trial preparation.  He separately requests some form of access to the internet.  As support for these requests, Dawson expresses concerns both about the amount of time he is afforded to review discovery on common computers within the FDC, as well as the privacy of those computers.  *See* ECF No. 55, at PageID.231-35.

The government opposes the motion, *see* ECF No. 65, and the court opts to resolve it without a hearing, as authorized by Criminal Local Rule 12.2(a)(1).

---

[1]    Dawson pegs the number of images at closer to 1,400, which is in the ballpark of the government's estimate.  ECF No. 55, at PageID.230-31.  Dawson identifies only 218 pages of reports in the second discovery transmittal.  *Id.*  The remaining pages are presumably found within the third transmittal, which Dawson describes as containing a 43-page index.  *Id.* at PageID.231.

**DISCUSSION**

The legal principles governing Dawson's motion are not in dispute. No party doubts that the Bureau of Prisons is charged with the sensitive task of managing the security of its facilities, or that federal judges should be wary of intruding into that task. *Accord Bell v. Wolfish*, 441 U.S. 520, 547 (1979) (recognizing the "wide-ranging deference" due to prison administrators in their "adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security"). Nor does any party dispute that this court has the authority to provide relief if a defendant's "conditions of confinement impair" the "right to counsel." ECF No. 65, at PageID.306 (government's filing (citing *United States v. Folse*, No. CR 15-2485, 2016 WL 3996386, at *14 (D.N.M. June 15, 2016)). And, indeed, this court has, in past cases, granted relief of the sort Dawson requests. *See, e.g.*, *United States v. Miske et al.*, Cr. No. 19-00099, ECF No. 919, at PageID.7675 (ordering the FDC to permit a defendant "laptop privileges").

In opposing Dawson's motion, however, the government argues that Dawson "has not demonstrated the appropriate need for any of the accommodations he requests." ECF No. 65, at PageID.306-07. More specifically, the government contends that Dawson has not adequately substantiated his stated reasons for needing his own laptop, and that he has not shown that other possible accommodations would be inadequate to address his concerns.

1. Before turning to the substance of these contentions, the court briefly addresses a procedural argument that Dawson makes in his reply brief: he contends there is some impropriety in the fact that the "responding party for the Government is the very prosecution team that is pursuing these charges against him." ECF No. 66, at PageID.313. Dawson does not precisely explain why he views this as inappropriate, but even he recognizes that government counsel submitted a response only after the court ordered them to do so. *See id.* at PageID.313 n.1. And prosecutors handling a case—who are typically the government lawyers most familiar with the nature and scope of the charges and discovery—are routinely called upon to respond to motions of this sort. *See, e.g.*, *United States v. Bravo*, Cr. No. 24-00020 (D. Haw. Feb. 28, 2025) (entering order calling on government to respond); *United States v. Stancil*, Cr. No. 19-00099 (D. Haw. June 21, 2023) (same). Of course, to the extent the assigned prosecutors are merely offering arguments against Dawson's motion, as opposed to conveying the expert views of prison administrators, the court gives the government's arguments no deference or special consideration.

With these understandings, the court turns to the merits of Dawson's arguments in support of his motion and the government's responses.

2. Dawson first argues that he needs a personal laptop because he "has limited access to his attorneys" in the sense that "[h]e cannot discuss his case with them on the phone and must wait for them to visit him in person." ECF No. 55, at PageID.234. In its

response, the government submits its "understanding" that "attorney client communications within FDC can be conducted via telephone and/or email." ECF No. 65, at PageID.307. The court does not assume that understanding is accurate, though it would be consistent with the ordinary practice at the FDC. But in his reply brief, Dawson does not challenge the government's understanding or offer any explanation for why these alternative forms of communication would be unavailable to Dawson. On this record, then, the court cannot find that Dawson's access to counsel truly is limited to in-person visits. And Dawson's initial submission offered no explanation for why telephone and email communications—taken together with in-person visits—would be insufficient for him to confer with his attorneys and participate in his defense, especially given that the motions deadline is still nearly two months away and trial is nearly five months away.

Dawson's second stated reason for needing a personal laptop similarly fails on the present record. He asserts that the discovery materials are "so extensive" that a personal laptop is necessary to allow him to adequately prepare for trial. ECF No. 55, at PageID.236. But the discovery in this case—as described both by the government and by Dawson himself, *see supra* p. 3 and note 1—is neither voluminous nor complex for a federal criminal case. A comparison can be helpful by way of example. In another criminal case, this court recently denied a request for a personal laptop in the FDC even though the defendant's case had been "declared complex" and discovery included

productions of "7.84 terabytes and 14.41 GB of discovery [produced] on different occasions," stemming from not only thousands of pages of documents, but also hours of audio, wiretap recordings, and phone extractions, among other discovery. *United States v. Bravo*, Cr. No. 24-00020 (D. Haw. Mar. 31, 2025), ECF No. 227, at PageID.934. Dawson's case, by contrast, has not been declared complex and involves substantially less discovery. That discovery, moreover, is of a much simpler nature—reports, documents, and images—than what had been produced in the *Bravo* case. The nature and scope of discovery in this case, then, does not weigh in favor of ordering the FDC to allow Dawson a personal laptop, especially given that the motions deadline and trial date are still months away.

In addition to asserting that he has limited access to his attorneys and voluminous discovery to review, Dawson contends that he needs a personal laptop in his cell because the discovery has been supplied to him entirely in electronic form, and that his access to communal computers is "limited and unsecure." ECF No. 55, at PageID.234.

As for his limited access to a computer, Dawson asserts that just as a lawyer might "wake in the middle of the night thinking about cases all the time," Dawson, too, should have the opportunity to "stay up all night working on his case." ECF No. 66, at PageID.314-15. This argument is not persuasive. The question is not merely whether Dawson would *like* more computer access. Instead, the question is whether the

computer access FDC has already provided him is insufficient to enable him to fully assist in his defense and prepare for trial.

And the record, in its current form, does not support the conclusion that Dawson needs a personal laptop in his cell to participate in his defense. For one thing, Dawson nowhere explains why the number of computers in the FDC or the available hours for using those computers would be insufficient to review discovery over the nearly five months before trial starts. For another, Dawson has not shown that he makes good use of the computer access already made available to him, or that he has requested additional hours beyond those already provided at the FDC.

Dawson suggests in his reply brief that the "private evidence viewing room" is up a set of stairs and that he has an ankle injury that makes this room difficult for him to access. ECF No. 66, at PageID.315. But he does not identify any requests for accommodation that he has made with the FDC to address this alleged difficulty. Accordingly, the court cannot conclude, on this record, that the FDC would fail to provide Dawson reasonable accommodations if he were to request them; nor would it be appropriate for the court to assume that a personal laptop is the only reasonable accommodation prison administrators at the FDC might fairly consider.[2]

---

2 In the *Bravo* case, for example, the court observed that in response to that defendant's requests, the FDC had placed an additional computer in the defendant's unit and offered access to and extended time in the law library and discovery room. *United States v. Bravo*, Cr. No. 24-00020 (D. Haw. Mar. 31, 2025), ECF No. 227, at PageID.935.

To the extent Dawson's concern is that his review of discovery is not private or secure, Dawson fails to explain why the "private evidence viewing room" he references in his reply brief would not be sufficiently private or secure for his purposes. Nor does he show that he has ever asked FDC prison administrators to accommodate his stated privacy-related concerns. The government notes, in fact, that "privacy screens are installed on all computers and the computers in the education department provide for greater privacy." ECF No. 65, at PageID.308. And Dawson does not address this point in his reply. This record therefore does not support Dawson's assertion that the computers currently available to him lack adequate privacy or security.

* * *

For the foregoing reasons, the court concludes that the current record does not justify ordering the FDC to allow Dawson a personal laptop in his cell. That is in part because Dawson's factual assertions are not supported by the existing record, and in part because Dawson has not shown that the FDC would fail to accommodate any of his legitimate concerns through other reasonable measures. Dawson's request for a personal laptop is therefore DENIED.

3. That leaves the question of whether the court should order the FDC to allow Dawson access to the internet in some form. *See* ECF No. 55, at PageID.235. This request is unusual. And Dawson mentions it only in passing, failing to offer any factual

basis to support it. The court will not assume there is one, and therefore DENIES the request based on the present record.

**CONCLUSION**

Dawson's Motion for an Order Directing the Bureau of Prisons to Provide the Defendant with Unrestricted Access to a Non-Internet Computer or Laptop to Review Discovery and Assist Counsel is DENIED. And his request for an order directing the Bureau of Prisons to grant him access to the internet is likewise DENIED.

IT IS SO ORDERED.

DATED: June 16, 2025, at Honolulu, Hawai'i.

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Cr. No. 24-00089 MWJS; *United States of America v. Duane F. K. Dawson*; ORDER DENYING DEFENDANT'S MOTION FOR ORDER DIRECTING THE BUREAU OF PRISONS TO PROVIDE THE DEFENDANT WITH UNRESTRICTED ACCESS TO NON-INTERNET COMPUTER OR LAPTOP TO REVIEW DISCOVERY AND ASSIST COUNSEL

10