IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff,<br><br>vs.<br><br>DUANE F.K. DAWSON, and<br>ZACHARY KEANE,<br><br>Defendants. | Crim. No. 24-00089 MWJS<br><br>ORDER REGARDING THE GOVERNMENT'S EX PARTE SUBMISSION OF MATERIALS FOR THE COURT'S IN CAMERA REVIEW |

**INTRODUCTION**

The government has submitted materials to the court *ex parte* for its *in camera* review.  In its submission, the government notes that it intends to produce certain items, but requests that it be allowed to make this disclosure on an attorneys' eyes only basis and under a protective order.  The government also asks for a ruling that the remainder of the materials submitted for *in camera* review need not be produced.

Having conducted an *in camera* review of the relevant materials, the court grants the government's request.  The court enters a protective order (with terms spelled out below), orders that the disclosed materials must be handled by defense counsel consistently with that protective order and on an attorneys' eyes only basis, and rules that the government need not produce any of the materials the court reviewed *in camera* beyond those it has marked for production.

These rulings are, however, without prejudice to defense counsel asking the court to revisit them once they have had an opportunity to review the materials the government has agreed to produce.

And while the government need not produce any of the *in camera* materials apart from what it has already agreed to produce, the court reserves ruling on a different question:  whether the government must produce *information* that the materials suggest is readily available to it.  That information—namely, the identities of certain law enforcement officials who appear under pseudonyms or redactions in the materials to be disclosed—is at least possibly material, and the court will reserve ruling on whether it must be produced until defense counsel have had an opportunity to be heard.

**BACKGROUND**

A.      **Applicable Law**

In criminal cases, the government has a constitutional obligation to search the personnel files of testifying law enforcement officers and "disclose information favorable to the defense that meets the appropriate standard of materiality."  *United States v. Henthorn*, 931 F.2d 29, 30-31 (9th Cir. 1991) (quoting *United States v. Cadet*, 727 F.2d 1453, 1467 (9th Cir. 1984)).  To ensure that the United States Department of Justice complies with these critical constitutional requirements, it has "encouraged" its prosecutors "to provide discovery broader and more comprehensive" than needed—for example, to produce information even if it would not meet the constitutional standard

2

of materiality.  Justice Manual, § 9-5.000 (Issues Related to Discovery, Trials, And Other Proceedings).[1]

But there are occasions when the government concludes it has good reason not to produce more than what the constitution requires.[2]  When that happens, the government risks having its cleats hit the chalk.  Materiality is a notoriously difficult standard to assess—it requires prosecutors and their agents to think carefully and imaginatively about the possible arguments and lines of investigation the defense might conceivably pursue—and a failure to adequately perform this delicate task can imperil an otherwise appropriate prosecution.

The Ninth Circuit has offered some relief:  when "the prosecution is uncertain about the materiality of information within its possession," it may "submit the information to the trial court for an in camera inspection and evaluation."  *Henthorn*, 931 F.2d at 31 (quoting *Cadet*, 727 F.2d at 1467-68); *see also United States v. Garg*, No. CR21-0045, 2023 WL 2459615, at *1 (W.D. Wash. Mar. 10, 2023) (explaining that "[a]lthough defendants have no right to review materials to determine if they are exculpatory or

---

[1]    The relevant section of the Justice Manual is available here: https://www.justice.gov/jm/jm-9-5000-issues-related-trials-and-other-court-proceedings#9-5.002 (last visited on June 23, 2026) [https://perma.cc/L5WM-JFXX].

[2]    And there are, of course, occasions when the government only realizes, after the fact, that it has not made the prophylactic disclosures that its internal policies call for. In those cases, the government puts itself in the unenviable position of having to defend a decision or verdict based on the argument that previously undisclosed information was not material.

have impeachment value, the Government may submit such materials to the Court for *in camera* review if it believes the materiality determination is a close call").

This *in camera* review process helps to promote the dual aims of "safeguarding the privacy interests of testifying law enforcement officers while allowing the court to inspect" for materials that must be constitutionally produced. *United States v. Padilla-Lopez*, No. 20-50302, 2023 WL 8594402, at *2 (9th Cir. Dec. 12, 2023). But the task of assessing the materiality of information favorable to the defense is no easier for a court to perform—and, indeed, may often be more difficult, because a court generally will know far less about the granular details of a case than the government. And, to complicate matters further, the *in camera* review process only works if the materials submitted to the court *ex parte* remain under seal. For that reason, the Ninth Circuit has held that when a district court agrees that the government need not disclose to the defense materials submitted *ex parte* for the court's *in camera* review, the district court may properly "maintain[] the application under seal"; the Ninth Circuit may then conduct its own "independent review of the *ex parte* application" in the event of any appeal. *Id.* This all means, however, that the district court is called on to make rulings on the scope of discovery obligations without the usual benefit of adversarial briefing and argument.

A healthy respect for the difficulties of this task should, ordinarily, lead a district court to be circumspect in its ability to offer an answer when the government makes an

4

*ex parte* submission.  But when it is possible to perform the role that the Ninth Circuit has required us to play, we should do so.

### B.      Procedural History

On May 29, 2026, the government moved for permission to invoke the Ninth-Circuit-approved *in camera* review process.  Dkt. No. 191.  The court granted that request on June 1, 2026, Dkt. No. 192, and the government made an *ex parte* submission of materials for the court's *in camera* review that same day, Dkt. No. 204 (sealed).  The court sought additional information, Dkt. No. 193 (sealed), and the government timely responded on June 18, 2026, Dkt. No. 205 (sealed).  Consistent with the Ninth Circuit's guidance, these materials will remain under seal, but have been made a part of the formal court record and will be available for the Ninth Circuit's independent review in the event of any appeal.

## DISCUSSION

### A.      The Protective Order and Attorneys' Eyes Only Handling

Part of the government's *ex parte* submission concerns materials it intends to produce to the defense:  a letter to defense counsel dated June 18, 2026 (and marked as Exhibit 4 in the government's June 18, 2026, supplemental *ex parte* submission), and an additional document attached to that letter as "Exhibit 1."  Dkt. No. 204.  The government requests permission to produce these materials to the defense under the terms of a protective order and for handling on an attorneys' eyes only basis.

5

District courts have broad authority to order to enter protective orders and otherwise to "restrict" and prescribe "appropriate" conditions for the handling of discovery in criminal cases.  Fed. R. Crim. P. 16(d)(1); *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (recognizing that restrictions on the handling of discovery productions are not subject to "heightened First Amendment scrutiny").  And the court is satisfied that the government's *ex parte* submissions have shown sufficient "good cause" for this relief, at least at this stage.  *Id.*

The court therefore orders that the materials the government produces under this order be handled by defense counsel in this case on an attorneys' eyes only basis, and with the following protective order terms:  defense counsel are prohibited from providing any written materials relating to the disclosure to either Defendant, are prohibited from disclosing the written materials or any information therein to anyone not a member of the defense team (and any member of the defense team who receives the written materials or information are bound by these same restrictions), and are prohibited from using the written materials or information in any proceeding other than this case.  Finally, defense counsel are ordered to return the written materials to the United States Attorney's Office or destroy them upon conclusion of this proceeding.

Defense counsel have not been heard on these restrictions.  Accordingly, the court's ruling is made without prejudice to a future application to modify or lift them.  Once defense counsel have had an opportunity to review the produced material, they

may raise any objections they see fit to these restrictions. They may also request additional restrictions if they wish.

### B.    The Remaining *in Camera* Materials

The government's *ex parte* submission also provided the court with additional materials, beyond those identified above for production to the defense. And the government seeks the court's ruling that it need not produce any of those additional materials. Having conducted an *in camera* review of the remainder of the materials, the court agrees that they are not material and need not be produced. That is to say, the court concludes that the government will satisfy its constitutional discovery obligations by producing its draft letter dated June 18, 2026, and the letter's "Exhibit 1," under the terms of the protective order this court has entered. Given what the government has already agreed to produce, the court concludes that the remainder of the *in camera* materials is not constitutionally material.

The court cautions that it makes this ruling based on the information currently available to it. If the government becomes aware of additional information or developments that might alter the significance of information the court is authorizing it not to produce, it must reassess the *in camera* materials and consider afresh whether they must be produced. It may also seek the court's further *in camera* review in the event of future developments. But the government cannot rest on this ruling if circumstances materially change.

7

That said, this is a case in which at least one of the defendants—Defendant Duane F.K. Dawson—has been unusually open, in pretrial conferences, about the expected nature of his defense at trial.  And the court has already held an evidentiary hearing in connection with Dawson's suppression motions, in which the court heard evidence concerning the charged offenses.  All of this has allowed the court to assess the materiality of the information it reviewed *in camera* to a degree that might not typically be possible.

Nonetheless, recognizing that an assessment of this sort is challenging for a court—which invariably has less information about a case than the government—the court emphasizes that it remains possible that, in the face of additional information, the court will revisit this ruling.  Furthermore, once defense counsel have had an opportunity to examine the disclosures the government does make, they are free to argue that additional disclosures should be made, and the court will consider any such arguments with an open mind.

### C.    The Additional Information

There is, however, one matter on which the court reserves ruling.  Some of the materials the government submitted for this court's *in camera* review (including materials it will be disclosing to the defense under the terms of the court's protective order) include pseudonymous or redacted names for certain law enforcement officers.  Although the prosecutors handling this matter represent that they do not know all the

identities of these shielded officers, it appears that one of the government's case agents knows who they are.  And the government has not interviewed any of these law enforcement officers, and has not sought to determine whether they would be willing to speak to the defense.  It follows that the government does not know whether these individuals would, if interviewed, provide additional information that would be favorable to the defense—and possibly material in a constitutional sense.

On this record, the court cannot rule out that the government's constitutional discovery obligations require it to produce to the defense the one name of which the prosecutors are already aware, as well as to have their case agent disclose the additional names of which the prosecutors are not currently aware.  At a minimum, it is conceivable that the government must determine whether any of these officers would be willing to speak to the defense.  (If they are not, then disclosure of their identities may not constitute material information under the circumstances).

Given these uncertainties in the record, the court defers ruling on this issue, and invites further briefing once defense counsel have had an opportunity to review the materials the government has committed to produce.

## CONCLUSION

For the foregoing reasons, the court enters the protective order requested by the government, with the terms outlined above and with the requirement that the disclosed materials be handled consistent with those terms and on an attorneys' eyes only basis.

9

The court further rules that—based on the information currently available to the court—the government need not make any further disclosure of the materials it submitted to the court for its *in camera* review.  The court reserves ruling on the question of whether the identities of pseudonymous individuals mentioned in these materials should be disclosed.

Defense counsel are invited to contact the courtroom manager to set a time for a status conference once they have had sufficient time to review the government's disclosure.

IT IS SO ORDERED.

DATED:  June 24, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

_____

Micah W.J. Smith
United States District Judge

Crim No. 24-00089 MWJS, *United States v. Duane F.K. Dawson* et al.; ORDER REGARDING THE GOVERNMENT'S EX PARTE SUBMISSION OF MATERIALS FOR THE COURT'S IN CAMERA REVIEW